

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed April 21, 2011**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 11-32600-hdh-11 |
| VITRO ASSET CORP., et al., § | |
| § | Jointly Administered |
| Alleged Debtors. § | |

### MEMORANDUM OPINION

On March 31, 2011 and April 1, 2011, this court conducted a hearing on the petitioning creditors' request for entry of orders for relief against the alleged debtors.[1]  At the commencement of the hearing, the court announced that it had preliminarily concluded, among other things, that the alleged debtors had waived demand under the indentures and that, in any event, demand upon the guarantors as required under the indentures had been made.  The alleged

---

[1] For the purposes of this opinion, the alleged debtors are Vitro Asset Corp., V-MX Holdings, LLC, Amsilco Holdings, Inc., B.B.O. Holdings, Inc., Binswanger Glass Company, Troper Services, Inc., Crisa Corporation, and VVP Holdings, LLC.  The alleged debtors are sometimes referred to herein as the "guarantors."

debtors requested that the court reconsider these rulings. After hearing the evidence in this case and considering the arguments of counsel, the court agrees that reconsideration is appropriate.

First, each of the indentures provides that "[u]pon failure by the Company to pay punctually any . . . amount [due under the indentures], each Guarantor shall forthwith *on demand* pay the amount not so paid at the place and in the manner specified in the Indenture." Petitioning Creditors' Exhibits 5 (new § 11.01), 9 (§ 10.01) and 13 (§ 10.01). So, each of the indentures requires that demand for payment be made upon the guarantors.

The next question is whether other provisions of the indentures negate the demand requirement. The petitioning creditors say that they do, and this court preliminarily agreed. Each indenture provides that "[e]ach Guarantor irrevocably waives acceptance hereof, presentment, demand, protest and any notice not provided for herein, as well as any requirement that at any time any action be taken by any Person against the Company or any other Person." Petitioning Creditors' Exhibits 5 (new § 11.04), 9 (§ 10.04) and 13 (§ 10.04).

Relying primarily on the rule of the last antecedent, as explained in *Barnhart v. Thomas*, 540 U.S. 20 (2003), this court held that the phrase, "not provided for herein" modified only the word "notice" and not the word "demand." So construed, the waiver provision would waive the requirement to make demand on the guarantors.

Upon further reflection, however, the court's reliance on the rule of the last antecedent raises a puzzling question: why in one subsection of the indentures would the parties agree that demand was required, and then waive it three subsections later? At the hearing, none of the parties attempted to introduce evidence of their understanding of these inconsistent provisions at the time the indentures were executed. The parties attempted to offer their subsequent

understanding of the meaning of these provisions, but the court has not considered these in reaching its current conclusions.

Although the court initially concluded that the rule of the last antecedent was the appropriate tool to resolve this ambiguity, the court now believes that its initial conclusion was wrong. Instead, the court believes that it should take a holistic approach in construing the indentures. Because the court simply cannot conceive of why the parties would negotiate for demand in one place only to bargain it away in another, the court now concludes that the phrase "not provided for herein" also modifies the word "demand." So, the only demand that is waived is "any demand . . . not provided for herein." Inasmuch as demand for payment is expressly required by the indentures, it is not waived by the guarantors.

The court is aware that this construction has its weaknesses as well, not the least of which is that it logically requires the court to construe the phrase "not provided for herein" to modify the phrase "acceptance hereof" in the same sentence. Thus, read in the context of the court's current construction, the guarantors waived "acceptance hereof . . . not provided for herein." This construction is grammatically incorrect at best and nonsensical at worst. Still, the holistic approach adopted by the court achieves a result that appears to be more consistent with the intent of the parties. So, if grammatical consistency is sacrificed in reaching this conclusion it is done only in an effort to harmonize two inconsistent provisions.

Having determined that demand is required, the court must now determine whether any party made demand upon the guarantors. In its preliminary ruling, the court concluded that demand had been made. The court now concludes that in so ruling it improperly conflated the concepts of acceleration and demand. Unquestionably, the obligations of Vitro, S.A.B. de C.V. ("Vitro SAB") have been accelerated. But, acceleration of the obligation of the primary obligor

is not the same as demand upon the guarantors. And, as the court has previously noted, the indentures require that demand on the guarantors be made.

The petitioning creditors introduced into evidence three acceleration letters. Petitioning Creditors' Exhibits 19, 20 and 21. Two of those letters were not addressed to the guarantors at all (although they may have received them) and none of the letters demanded payment from the guarantors. *Id.*

With regard to the two letters not addressed to the guarantors, the court concludes, as it preliminarily did, that notice to Vitro SAB was sufficient to constitute notice to the guarantors as well. The indentures provide as such. Petitioning Creditors' Exhibits 9 (§ 11.04) and 13 (§ 11.04). If the authors of the acceleration letters had intended to demand payment, it would have been simple to do so. But, for reasons known only to the bondholders' representatives, they chose to limit their notices to acceleration of the debt. They did not demand payment. Assuming that they intended to demand payment from the guarantors, they made the same mistake of conflation as this court did in its preliminary ruling. Logically, one might question why a lender would accelerate a debt if it did not intend to demand payment, but inasmuch as the indentures themselves require demand it is not for the court to resolve this question.

The petitioning creditors attempt to rely upon alternatives to actual demand. They point to evidence suggesting that at least some of the alleged debtors knew that the petitioning creditors were looking to the guarantors for payment on Vitro SAB's obligations. Such knowledge or understanding by the guarantors is not a substitute for demand for payment as required by the indentures.

Additionally, the petitioning creditors insist that the filing of the involuntary petitions constitutes demand for payment. In so arguing, they rely upon cases in which the filing of a

lawsuit has been construed to constitute a demand for payment. But, an involuntary petition is significantly different from a collection action. By filing an involuntary petition, one does not "demand" payment, but seeks to institute an equitable proceeding under the assumption that payment already is due.

Because the indentures require a demand on the guarantors and no such demand had been made when the involuntary petitions were filed, the obligations of the guarantors were not then due. Because the obligations were not due at filing, the guarantors' obligations were contingent as to liability. Accordingly, the petitions for relief against the alleged debtors must be denied.[2]

### END OF MEMORANDUM OPINION ###

---

[2] These conclusions also bolster the court's earlier conclusion that orders for relief against alleged debtors Vitro Packaging, LLC, Vitro Chemicals, Fibers and Mining, LLC, and VVP Auto Glass, Inc. should not be entered.