Sarah Link Schultz (TBN: 24033047)
AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
(214) 969-2800 (Telephone)
(214) 969-4343 (Facsimile)

Michael S. Stamer (admitted *pro hac vice*)
Abid Qureshi (admitted *pro hac vice*)
Alexis Freeman (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, New York 10036
(212) 872-1000 (Telephone)
(212) 872-1002 (Facsimile)

*Proposed Counsel to the Official Committee
of Unsecured Creditors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| VITRO ASSET CORP., et al., | § § | Case No. 11-32600-hdh-11 |
| Alleged Debtors.[1] | § § | Jointly Administered |

| | | |
|---|---|---|
| | § § | Chapter 11 |
| In re: Vitro America, LLC | § | Case No. 11-32602-hdh-11 |
| In re: Super Sky Products, Inc. | § | Case No. 11-32604-hdh-11 |
| In re: Super Sky International, Inc. | § | Case No. 11-32605-hdh-11 |
| In re: VVP Finance Corporation | § § | Case No. 11-32611-hdh-11 |
| Debtors.[2] | § § | (Jointly Administered Under Case No. 11-32600-hdh-11) |

**THE COMMITTEE'S EMERGENCY MOTION TO CONTINUE THE MAY 6, 2011 HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER: (A) APPROVING BIDDING PROCEDURES AND BIDDING PROTECTIONS IN CONNECTION WITH SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) ESTABLISHING PROCEDURES TO DETERMINE CURE AMOUNTS AND DEADLINES FOR OBJECTIONS FOR CERTAIN CONTRACTS AND LEASES TO BE ASSUMED AND**

---

[1] The Alleged Debtors are: Vitro Asset Corp. (f/k/a American Asset Holdings Corp.), Troper Services, Inc., VVP Holdings, LLC, Amsilco Holdings, Inc., B.B.O. Holdings, Inc., Binswanger Glass Company (f/k/a Troper Inc.), Crisa Corporation, V-MX Holdings, LLC (f/k/a Crisa Holdings Corp.).

[2] The Debtors are: Vitro America, LLC (Case No. 10-47473), Super Sky Products, Inc. (Case No. 10-47475), Super Sky International, Inc. (Case No. 10-47476), and VVP Finance Corporation (Case No. 10-47482).

ASSIGNED BY THE DEBTORS; (C) SCHEDULING A HEARING ON THE SALE MOTION; AND (D) GRANTING RELATED RELIEF

TO THE HONORABLE HARLIN D. HALE, UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee") of Vitro America, LLC, Super Sky Products, Inc., Super Sky International, Inc. and VVP Finance Corporation (collectively, the "Debtors"), by and through its undersigned counsel, hereby files this emergency motion (the "Motion to Continue") to continue the hearing currently scheduled for May 6, 2011 (the "Hearing") on *Debtors' Motion for Entry of an Order (A) Approving Bidding Procedures and Bidding Protections in Connection with Sale of Substantially All of the Debtors' Assets; (B) Establishing Procedures to Determine Cure Amounts and Deadlines for Objections for Certain Contracts and Leases to be Assumed and Assigned by the Debtors; (C) Scheduling a Hearing on the Sale Motion; and (D) Granting Related Relief* (the "Motion") [Docket No. 413]. In support of the Emergency Motion, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion to Continue pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND[3]

2. On November 17, 2010 (the "Petition Date"), Knighthead Master Fund, L.P., Brookville Horizons Fund, L.P., Davidson Kempner Distressed Opportunities Fund, L.P., and

---

[3] This Motion to Continue incorporates by reference the Background section of *The Committee's Objection to Debtors Motion for Entry of an Order: (A) Approving Bidding Procedures and Bidding Protections in Connection with Sale of Substantially All of the Debtors Assets; (B) Establishing Procedures to Determine Cure Amounts and Deadlines for Objections for Certain Contracts and Leases to be Assumed and Assigned by the Debtors; (C) Scheduling a Hearing on the Sale Motion; and (D) Granting Related Relief* (the "Objection") [Docket No. 464], attached hereto as Exhibit A.

Lord Abbett Bond-Debenture Fund, Inc. (the "Petitioning Creditors") filed an involuntary petition against Vitro America Corp. and certain of its affiliates (collectively, the "Alleged Debtors") under chapter 11 of the Bankruptcy Code (collectively, the "Involuntary Petitions").

3. On December 9, 2010, the then Alleged Debtors filed their answer to the Involuntary Petitions, denying the allegations made in the Involuntary Petitions, asserting a number of affirmative defenses to the relief sought by the Petitioning Creditors, and as late as April 1, 2011, vigorously fighting the Involuntary Petitions.

4. On April 6, 2011, an order for relief was entered with respect to the Debtors.[4] Since that date, the Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Debtors' chapter 11 cases.

5. On April 15, 2011, pursuant to Bankruptcy Code section 1102, the United States Trustee for the Northern District of Texas appointed the Committee, which currently consists of five members.[5]

6. On April 7, 2011, the Debtors filed (and, on April 27, 2011, re-filed) their Motion requesting that the Court approve bid procedures with respect to the sale (the "Sale") of substantially all of the Debtors' assets. As part of the Motion, the Debtors filed a stalking horse asset purchase agreement, wherein Vitro American Acquisition Corporation, an affiliate of Grey Mountain, proposed to purchase the Debtors' assets for a purchase price of $44 million (subject to certain adjustments set forth in the asset purchase agreement) and serve as the stalking horse

---

[4] The Court recently dismissed the Involuntary Petitions with respect to those Alleged Debtors who are not Debtors in these cases. The Petitioning Creditors are seeking reconsideration of the order dismissing these cases.

[5] The Committee is comprised of the following entities: (a) Wilmington Trust FSB, as Indenture Trustee; (b) U.S. Bank National Association, as Indenture Trustee; (c) Aurelius Capital Management, LP; (d) Tristar Glass, Inc.; and (e) the Pension Benefit Guarantee Corporation.

100735839 v5

bidder (the "Stalking Horse Bidder") at any auction of the assets.

7. On May 4, 2011, the Debtors filed an amended notice of hearing [Docket No. 478] rescheduling the hearing with respect to their motion to obtain post-petition financing (the "DIP Motion") from May 9, 2011 to May 24, 2011.

## RELIEF REQUESTED

8. By this Motion to Continue, the Committee seeks entry of an order continuing the Hearing to a date next week that is convenient for the Court to allow the Debtors, the Committee and all other parties in interest sufficient time to evaluate the terms of the proposed Sale and the independence of the Stalking Horse Bidder, and to consider alternative stalking horse bidders in order to ensure that the bid presented by the Stalking Horse Bidder presents the highest and best offer available to the Debtors.

9. The expedited consideration of the Motion to Continue is necessary because the Hearing is scheduled to occur in approximately 36 hours, on May 6, 2011. Accordingly, the Committee hereby requests a telephonic hearing to consider its Motion to Continue on May 5, 2011, at a time that is convenient for the Court.

## BASIS FOR RELIEF

10. The Committee submits that conducting the Hearing as currently scheduled will be detrimental to these estates and will fail to maximize value for the benefit of all creditors. As more fully set forth in the Committee's Objection, it appears that the Debtors have failed to properly canvas the market to ensure that the bid proposed by the Stalking Horse Bidder[6] offers the most favorable terms in the market and maximizes value for the Debtors' estates and their creditors. As evidenced by the *Objection of American Glass Enterprises, LLC to Debtors'*

---

[6] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

*Motion for Entry of an Order Approving Bid Procedures, Bid Protections and Related Relief* [Docket No. 453], at least one other party (the "Alternative Purchaser") has informed the Debtors of its willingness to act as the Debtors' stalking horse bidder on more favorable economic terms than those proposed by the Stalking Horse Bidder. It is unclear to the Committee whether the Debtors have given any consideration to the Alternative Purchaser and, to the extent that they have, why they have elected to move forward with the Stalking Horse Bidder instead of exploring the offer by the Alternative Purchaser to determine if a purchase agreement with more favorable economic and non-economic terms can be put forward as the proposed stalking horse.

11. It is the Committee's belief that the Debtors may be able to extract additional value for their estates and their creditors by conducting a competitive process to obtain the most favorable stalking horse bid. However, the Debtors will not have the opportunity to engage in this process or explore alternative stalking horse bidders if the Court adheres to the Debtors' unnecessary fast-track hearing date.[7] Accordingly, the Committee requests that the Court continue the Hearing to provide the Debtors, the Committee and all other parties in interest an adequate opportunity to evaluate the terms proposed by the Stalking Horse Bidder or any alternative purchasers and explore other sale options. The delay of only a few days will not prejudice the Debtors' estates, their creditors or the proposed Stalking Horse Purchaser. It will,

---

[7] The Hearing with respect to the bidding procedures was originally scheduled to facilitate an expedited sale process. The purpose behind this expedited sale process was to satisfy certain milestones negotiated between the Debtors and their proposed post-petition lender and ensure that the Debtors had sufficient liquidity to preserve their operations. It appears, however, that this urgency has been eliminated because the Debtors have postponed the consideration of the DIP Motion to May 24, 2011. Moreover, as set forth in the declaration of Michael Genereux in support of the Committee's Objection to the Motion, Debtors' current cash projections demonstrate that they have sufficient liquidity to continue their operations past the Hearing date and, at least, until June 10, 2011. See *Declaration of Michael Genereux in Support of the Committee's Objection to Debtors' Motion for Entry of an Order (A) Approving Bidding Procedures and Bidding Protections in Connection with Sale of Substantially All of the Debtors' Assets; (B) Establishing Procedures to Determine Cure Amounts and Deadlines for Objections for Certain Contracts and Leases to be Assumed and Assigned by the Debtors; (C) Scheduling a Hearing on the Sale Motion; and (D) Granting Related Relief* at ¶4.

100735839 v5

however, provide the Debtors with the requisite time to obtain potential additional value for their estates and their creditors.

12. Furthermore, as more fully set forth in the Committee's Objection, holding the Hearing as scheduled does not provide sufficient time to evaluate the independence of the Stalking Horse Bidder or the terms of the Stalking Horse APA. The Committee has significant concerns about the possible ties between the Debtors' parent company, Vitro S.A.B. de C.V. ("Vitro SAB") and the Stalking Horse Bidder and the influence that Vitro SAB may exert over the Stalking Horse Bidder during and after the sale process. Specifically, as described in paragraph 15 of the Objection, recent reports from the Mexican media indicate that Vitro SAB has discussed becoming a minority owner of the Stalking Horse if the Stalking Horse becomes the successful bidder at the Auction. These reports are further validated by Vitro SAB's statements in a press release on April 6, 2011 and in its May 2, 2011 first quarter earnings report, in which Vitro SAB indicated that it was considering maintaining ownership participation in the Debtors at the end of the sale process. In light of this apparent link between the Stalking Horse Bidder and the Debtors' parent, the Hearing should be continued to provide the Committee and other parties in interest the opportunity to (a) conduct discovery to determine if the selection of the Stalking Horse Bidder and the related sales process are tainted, and (b) investigate agreements that may have been reached between the Stalking Horse Bidder and the Debtors' parent regarding the ultimate disposition of the Debtors' assets.

## CONCLUSION

13. For the foregoing reasons, the Committee respectfully requests that the Court enter the order substantially in the form attached hereto as Exhibit B (i) granting this emergency Motion to Continue, and (ii) granting such other and further relief as the Court may deem just and proper.

100735839 v5

Dated: May 4, 2011

        **AKIN GUMP STRAUSS HAUER & FELD LLP**

        */s/ Sarah Link Schultz*
        Sarah Link Schultz
        1700 Pacific Avenue, Suite 4100
        Dallas, Texas 75201
        (214) 969-2800 (Telephone)
        (214) 969-4343 (Facsimile)

        Michael S. Stamer
        Abid Qureshi
        Alexis Freeman
        One Bryant Park
        New York, New York 10036
        (212) 872-1000 (Telephone)
        (212) 872-1002 (Facsimile)

        *Proposed Counsel to the Official Committee*
        *of Unsecured Creditors*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that on the 4th day of May, 2011, she conferred with William R. Greendyke, counsel for the debtors and debtors in possession (the "Debtors") in the above-captioned chapter 11 cases regarding the *Committee's Emergency Motion to Continue the May 6, 2011 Hearing on Debtors' Motion for Entry of an Order: (A) Approving Bidding Procedures and Bidding Protections in Connection with Sale of Substantially All of the Debtors' Assets; (B) Establishing Procedures to Determine Cure Amounts and Deadlines for Objections for Certain Contracts and Leases to be Assumed and Assigned by the Debtors; (C) Scheduling a Hearing on the Sale Motion; and (D) Granting Related Relief* (the "Motion to Continue"). The Debtors oppose the relief requested in the Motion to Continue.

/s/ Sarah Link Schultz
Sarah Link Schultz

100735839 v5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2011, the electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of the attached document by electronic means.

/s/ *Sarah Link Schultz*
Sarah Link Schultz

100735839 v5