

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 14, 2013**

**United States Bankruptcy Judge**

---

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 11-32600-hdh |
| Vitro Asset Corp (N/K/A American Asset | § | |
| Holdings Limited), *et al.*, | § | (Chapter 11) |
| | § | (Jointly Administered) |
| Debtors. | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW
## IN SUPPORT OF FIRST AMENDED JOINT PLAN OF REORGANIZATION OF
## VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

On November 12, 2013, the Bankruptcy Court held hearings (the "Confirmation Hearings")[1] to consider confirmation of the *First Amended Joint Plan of Reorganization of Vitro Asset Corp., et al.* (As Modified On 11/11/13)[Docket No. 1972] (the "Plan"), proposed by the above captioned debtors and debtors-in-possession (the "Debtors"),[2] their ultimate corporate

---

[1]      Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan or the Disclosure Statement (defined below), as applicable.

[2]      The Debtors are: Vitro Asset Corp. (n/k/a American Asset Holdings Limited) , Vitro Chemicals, Fibers & Mining, LLC, Troper Services, Inc. (n/k/a Danim Inc.), Amsilco Holdings, Inc. (n/k/a Amsilco Holdings Limited), B.B.O. Holdings, Inc. (n/k/a B.B.O. Holdings Limited), Binswanger Glass Company (n/k/a Bellaboo Inc.), Crisa Corporation (n/k/a Glazet Limited), V-MX Holdings, LLC (n/k/a V-MX Holdings Limited), VVP Auto Glass, Inc., and Vitro Packaging, LLC.

---

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF  FIRST AMENDED JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS

Page 1 of 21

parent, Vitro, S.A.B. de C.V. ("Vitro SAB"), and certain non-Debtor Vitro SAB's affiliates (all

of the foregoing, collectively, the "Plan Proponents"). The Bankruptcy Court makes the

following findings of fact and conclusions of law in support of the Order confirming the Plan

(the "Confirmation Order"):

1.    The following record (the "Record") was established to support confirmation of

the Plan:

(a)    All documents identified on the Debtors' First Amended Exhibit
and Witness List filed on November 11, 2013 [Docket No. 1973], including,
without limitation, the Plan, the Plan Proponents' Memorandum of Law in
Support of Confirmation of First Amended Joint Chapter 11 Plan of Vitro Asset
Corp. and its Affiliated Debtors [Docket No. 1958], the First Amended Disclosure
Statement With Respect to the First Amended Joint Chapter 11 Plan of
Reorganization for Vitro Asset Corp. and Its Affiliated Debtors [Docket No.
1933] (the "Disclosure Statement"), and all exhibits, schedules and attachments
thereto and filed in connection therewith, including as part of the Plan
Supplement filed with the Bankruptcy Court on November 4, 2013 [Docket No.
1953], all of which were admitted into evidence without objection;

(b)    The sworn proffered testimony of Mr. Arturo Carrillo, Vice
President of Administration for the Debtors, which was admitted into evidence
without objection;

(c)    The evidence in respect of the transmittal and service of the
solicitation packages, which was filed with the Bankruptcy Court and admitted
into evidence without objection;

(d)    The evidence regarding tabulation of votes on the Plan [Docket
No. 1959] (the "Ballot Summary"), which was admitted into evidence without
objection;

(e)    Judicial notice is taken of the docket in these Chapter 11 Cases,
and in particular, notice that there have been no objections to confirmation of the
Plan or any of its terms.

(f)    The entire record of the Debtors' chapter 11 cases (the "Chapter 11
Cases") and the docket maintained by the Clerk of the Bankruptcy Court and/or
its duly appointed agent, including, without limitation, all pleadings and other
documents filed, all orders entered, and evidence and argument made, proffered,
or adduced at the hearings held before the Bankruptcy Court during the pendency
of these Chapter 11 Cases, as to all of which the Bankruptcy Court took judicial

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 2 of 21

notice at the Confirmation Hearing[3]; and

       (g)     The statements and argument of counsel on the record at the Confirmation Hearing, and all papers and pleadings filed with the Bankruptcy Court in support of, in opposition to, or otherwise in connection with, confirmation of the Plan.

2.      The evidence that was admitted into the Record in support of confirmation of the Plan and all related matters demonstrates, by a clear preponderance of the evidence, that the Plan should be confirmed.

3.      The Plan satisfies all applicable requirements under title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>") and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), is in the best interests of the Debtors and their bankruptcy estates (the "<u>Estates</u>"), and therefore should be confirmed.

4.      The Record amply supports confirmation of the Plan and the Bankruptcy Court will issue an order confirming the Plan.

5.      The findings and conclusions set forth herein constitute the Bankruptcy Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.  All findings of fact and conclusions of law announced by the Bankruptcy Court at the Confirmation Hearings are hereby incorporated herein for all purposes to the extent not inconsistent herewith.  To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

## A.    Jurisdiction and Venue

---

[3]   This Court takes judicial notice of the docket in these Chapter 11 Cases maintained by the clerk of the Bankruptcy Court and/or its duly appointed agent, including, without limitation, all pleadings, notices, and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings held before the Bankruptcy Court during these Chapter 11 Cases, including, without limitation, the hearing to consider the adequacy of the Disclosure Statement and the Confirmation Hearing.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION**
**OF VITRO ASSET CORP.,** *ET AL.***, DEBTORS (AS MODIFIED)**

**Page 3 of 21**

6.      The Bankruptcy Court has subject matter jurisdiction to confirm the Plan pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before the Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(A),(L), (N) and (O).  The Debtors were and are entities eligible for relief under Bankruptcy Code section 109.

**B.      Background**

7.      On December 6, 2012 (the "Order for Relief Date"), orders for relief were signed commencing the Chapter 11 Cases.  The Chapter 11 Cases are being jointly administered under the above case number for procedural and administrative purposes only pursuant to Bankruptcy Rule 1015(b).

8.      Since the Order for Relief Date, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

**C.      The Disclosure Statement**

9.      On August 29, 2013, the Debtors filed their *Disclosure Statement With Respect to Joint Plan of Reorganization of Vitro Asset Corp., et al., Debtors* [Docket No. 1912 ].

10.      On October 4, 2013, the Bankruptcy Court issued its *Order Approving the First Amended Disclosure Statement With Respect to First Amended Joint Chapter 11 Plan of Reorganization of Vitro Asset Corp., et al. [Dkt No. 1937]* (the "Disclosure Statement Order") approving the Disclosure Statement [Docket No. 1933] in accordance with section 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018, and establishing certain deadlines in connection with confirmation of the Plan.

**D.      Notice**

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 4 of 21

11.     As set forth in the Record, the Debtors, in compliance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules and all other applicable laws and Orders of the Bankruptcy Court, sent actual written notice of (a) the Confirmation Hearings, (b) the November 4, 2013 (by 5:00 p.m. (Central Time)), deadlines for both filing and serving objections to confirmation of the Plan as well as for voting on the Plan, and (c) all other relevant deadlines related to confirmation of the Plan to: (i) the Office of the United States Trustee; (ii) all entities known to have, or to have asserted, any lien, claim, encumbrance or other property interest in or upon any of the Debtors' assets; (iv) all taxing authorities for those jurisdictions in which the Debtors' assets are located; (v) the Internal Revenue Service; (vi) all counterparties to the Debtors' unexpired leases and executory contracts; (vii) all parties that filed notices of appearance and requests for service of papers in these Chapter 11 Cases; (viii) all relevant state and federal environmental authorities; and (ix) all known creditors of the Debtors.

12.     The notice provided with respect to all matters relating to the solicitation of votes on, and the confirmation of, the Plan was adequate and proper and satisfied the requirements of due process with respect to all creditors, equity holders and OTHER parties in interest who were entitled to notice.  No other or further notice with respect to any of the foregoing matters is required.

**E.     Voting**

13.     As set forth in the Record, each impaired Class of Claims, either (a) voted to accept the Plan under section 1126 of the Bankruptcy Code and for purposes of section 1129(a)(8)(A) of the Bankruptcy Code, or (b) is not impaired under section 1124 of the Bankruptcy Code and for the purposes of section 1129(a)(8)(B) of the Bankruptcy Code.  The results of the voting on the Plan are reflected on the Ballot Summary.

---

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**
**IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION**
**OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)**

**F.      Implementation of the Plan**

14.      Section 5 of the Plan provides ADEQUATE means for implementing the Plan. The provisions of Section 5 of the Plan and the transactions and transfers to be implemented pursuant thereto, are consistent with and permissible under section 1123(a)(5) of the Bankruptcy Code and are consistent with the interests of creditors, equity holders and public policy.

15.      The entry of the Confirmation Order shall constitute authorization for the Debtors and the Reorganized Debtors to take or cause to be taken all actions necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on and after the Effective Date.  All such actions taken or caused to be taken consistent with the terms of the Confirmation Order and the Plan shall be deemed to have been authorized and approved by the Bankruptcy Court without further approval, act or action under any applicable law, order, rule or regulation.

**G.      Assumption of the Assumed Contracts**

16.      The assumption of the Assumed Contracts pursuant to the terms of this Order and the Plan is in the best interest of the Debtors and their Estates, creditors and other parties in interest, and represents the reasonable exercise of sound and prudent business judgment by the Debtors.

17.      The respective Cure Amounts are the sole amounts necessary under sections 365(b)(1)(A) and (B) of the Bankruptcy Code to cure all monetary defaults and pay all actual pecuniary losses under the Assumed Contracts.

18.      The Debtors have (i) cured and/or provided adequate assurance of cure of any monetary default existing prior to the Effective Date under any of the Assumed Contracts, within the meaning of section 365(b)(1)(A) of the Bankruptcy Code; (ii) provided compensation or adequate assurance of compensation to any party for actual pecuniary loss to such party resulting

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL*., DEBTORS (AS MODIFIED)

Page 6 of 21

from a default prior to the Effective Date under any of the Assumed Contracts, within the meaning of section 365(b)(1)(B) of the Bankruptcy Code, and (iii) provided adequate assurance of future performance under all of the Assumed Contracts.

19.    Upon the entry of the Confirmation Order, (a) all of the requirements of section 365(b) will be deemed satisfied with respect to each Assumed Contract for which no timely objection was filed; (b) all rights to object to the assumption of any such Assumed Contract will be deemed waived; (c) all rights to object to the Cure Amounts (as defined below) with respect to any such Assumed Contracts will have been waived; and (d) the assumption of such Assumed Contracts will be approved.

**H.     Cure Amounts**

20.    Actual written notice (the "Cure Notice") of the assumption of the Assumed Contracts, together with the proposed cure amounts (the "Cure Amounts") was given to the non-Debtor counterparties to each Assumed Contract.

21.    The service of the Cure Notices was good, sufficient and appropriate under the circumstances and no further notice need be given in respect of the assumption of the Assumed Contracts or establishing the Cure Amounts with respect thereto.  Non-Debtor counterparties to the Assumed Contracts have had adequate opportunity to object to the assumption and/or the Cure Amounts.

22.    The respective Cure Amounts are the sole amounts necessary under sections 365(b)(1)(A) and (B) of the Bankruptcy Code to cure all monetary defaults and pay all actual pecuniary losses under the Assumed Contracts.

**I.     Releases, Exculpations and Injunctions**

23.    The Plan provides for various releases, exculpations and injunctions pursuant to

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 7 of 21

Sections 10.6, 10.7, 10.8, and 10.9 thereof.

24.    The releases, exculpations and injunctions provided in the Plan (a) are within the jurisdiction of the Bankruptcy Court under 28 U.S.C. § 1334; (b) are integral elements of the transactions incorporated into the Plan; (c) confer material benefit on, and are in the best interests of, the Debtors, their Estates and their creditors; (d) are important to the overall objectives of the Plan to finally resolve all Claims against the Debtors; (e) to the extent they include claims against non-Debtors; and (f) are consistent with sections 105, 524, 1123, 1129, and 1141 and other applicable provisions of the Bankruptcy Code.

25.    The releases, exculpations and limitations of liability provided for in Section 10.7(b) and 10.8 of the plan (i) were granted in exchange for the good and valuable consideration provided by the Plan Proponents and the other Released Parties; (ii) were necessary to ensure the Plan Proponents' participation in and funding of the Plan; (iii) are in the best interests of the Debtors and all holders of Claims; (iv) are fair, equitable and reasonable; (v) are being approved after due notice and opportunity for hearing; and (vi) in case of the releases, constitute a bar to any of the Releasing Parties asserting any claims released by the Releasing Parties against any of the Plan Proponents and the other Released Parties or their respective property.

## J.    The Plan Complies with Section 1129 of the Bankruptcy Code

26.    To obtain confirmation of the Plan, the Debtors must demonstrate that the Plan satisfies the provisions of section 1129 of the Bankruptcy Code by a preponderance of the evidence. *See Heartland Fed. Say. & Loan Assoc. v. Briscoe Enters., Ltd., II (In re Briscoe Enters., Ltd., II),* 994 F.2d 1160,1165 (5th Cir. 1993), *cert, denied,* 510 U.S. 992 (1993); *In re MCorp Fin, Inc.,* 137 B.R. 219, 225 (Bankr. S.D. Tex. 1992).

27.    As demonstrated by the Record, the Plan complies with all relevant provisions of

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 8 of 21

the Bankruptcy Code, the Bankruptcy Rules and applicable non-bankruptcy law relating to the confirmation of the Plan.  In particular, the Plan complies with all of the requirements of section 1129 of the Bankruptcy Code.

### K.    The Plan Complies with Section 1129(a)(l) of the Bankruptcy Code

28.    Pursuant to section 1129(a)(l) of the Bankruptcy Code, a plan of reorganization must "compl[y] with the applicable provisions of [the Bankruptcy Code]."    11 U.S.C. § 1129(a)(l).  The legislative history of section 1129(a)(l) of the Bankruptcy Code indicates that a principal objective of this provision is to assure compliance with the sections of the Bankruptcy Code governing classification of claims and interests and the contents of a plan of reorganization.  *See* S. Rep. No. 95-989, at 126 (1978); H.R. Rep. No. 95-595, at 412 (1977); *see also J T Thorpe,* 308 B.R. at 785; *In re Gen. Homes Corp.,* 134 B.R. 853, 861 (Bankr. S.D. Tex. 1991).  As demonstrated by the Record, the Plan complies fully with the requirements of sections 1122 and 1123 of the Bankruptcy Code, as well as the other applicable provisions of the Bankruptcy Code.

29.    Under section 1122 of the Bankruptcy Code, a plan may provide for multiple classes of claims or interests so long as each claim or interest within a class is substantially similar to other claims or interests in that class.  A plan proponent is afforded significant flexibility in classifying claims under section 1122(a) of the Bankruptcy Code provided there is a reasonable basis for the classification scheme and all claims within a particular class are substantially similar.  *See Phoenix Mut. Life Ins. Co.* v. *Greystone III Joint Venture (In re Greystone III Joint Venture),* 995 F.2d 1274,1278 (5th Cir. 1991), *cert. denied,* 506 U.S. 821 (1992); *In re Simmons,* 288 B.R. 737, 743 n.l1 (Bankr. N.D. Tex. 2003); *In re Sentry Operating Co. of Tex., Inc*., 264 B.R. 850, 860 (Bankr. S.D. Tex. 2001).

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.,* DEBTORS (AS MODIFIED)

Page 9 of 21

30. Section 1122 of the Bankruptcy Code does not require that all substantially similar claims be placed in the same class. *In re Meadow Glen, Ltd.,* 87 B.R. 421,424 (Bankr. W.D. Tex. 1988). Decisions interpreting section 1122(a) generally uphold separate classification of different groups of unsecured claims when a reasonable basis exists for the classification. *See Greystone III,* 995 F.2d at 1278; *Sentry Operating,* 264 B.R. at 860; *7 Collier on Bankruptcy §* 1122.03[4][a], at 1122-11 (15th rev. ed. 2005).

31. The Plan's classifications conforms to the statute and is based on valid business and legal reasons. The Plan's classification has a rational basis because it is based on the respective legal rights of each holder of a Claim against or Equity Interest in the applicable Debtor's Estate and was not proposed to create a consenting impaired class and, thereby, manipulate class voting. The classifications do not unfairly discriminate between, or among, holders of Claims or Equity Interests.

32. Every chapter 11 plan must comply with the requirements set forth in section 1123(a) of the Bankruptcy Code. The Plan complies fully with each such requirement:

(i) Under section 1123(a)(l), a plan must "designate, subject to section 1122 of this title, classes of claims, other than claims of a kind specified in section 507(a)(l), 507(a)(2), or 507(a)(8) of this title, and classes of interest." Section 3 of the Plan designates classes of Claims and Equity Interests that require classification.

(ii) Under section 1123(a)(2), a plan must "specify any class of claims or interests that is not impaired." Sections 3.1 and 3.2 of the Plan specify which classes of Claims and Equity Interests are not impaired under the Plan.

(iii) Under section 1123(a)(3), a plan must "specify the treatment of any class of claims or interests that is impaired." Sections 3.1 and 3.3 of the Plan specify which classes of Claims and Equity Interests are impaired, and their treatment, under the Plan.

(iv) Under section 1123(a)(4), a plan must "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.,* DEBTORS (AS MODIFIED)

Page 10 of 21

claim or interest agrees to a less favorable treatment of such particular claim or interest." As reflected in the treatment set forth in Section 3 of the Plan, the treatment of each Claim and Equity Interest in each class is the same as the treatment of each other Claim or Equity Interest in such class (unless the holder of such Claim or Equity Interest has agreed to a less favorable treatment).

(v) Under section 1123(a)(5), a plan must "provide adequate means for the plan's implementation." Section 5 of the Plan provides adequate means for the implementation of the Plan.

(vi) Under section 1123(a)(6), a plan must "provide for the inclusion in the charter of the debtor, if the debtor is a corporation..., of a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes, including, in the case of any class of equity securities having a preference over another class of equity securities with respect to dividends, adequate provisions for the election of directors representing such preferred class in the event of default in the payment of such dividends." Section 5.6(a) of the Plan, which provides for the amendment of certain corporate governance documents of the Debtors upon the Effective Date, satisfies the sixth requirement of section 1123(a).

(vii) Under section 1123(a)(7), a plan must "contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director, or trustee." Section 5.5 of the Plan provides for the selection of officers and directors for the Reorganized Debtors in a manner consistent with the interests of all holders of Claims and Interests and public policy.

(viii) Section 1123(a)(8) does not apply to the Plan because none of the Debtors is an individual.

## L. The Plan Complies with Section 1123(b)(3) of the Bankruptcy Code

33. The Plan is consistent with section 1123(b)(3) of the Bankruptcy Code. In accordance with Bankruptcy Rule 9019, and in consideration of the distributions and other benefits provided under the Plan, the provisions of the Plan, including, without limitation, the releases, exculpations, and injunctions provided for therein, constitute a good-faith compromise and settlement of all Claims against and Equity Interests in the Debtors. The compromise and

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 11 of 21

settlement of such Claims and Equity Interests embodied in the Plan are in the best interests of the Debtors and all holders of Claims and Equity Interests and are fair, equitable and reasonable.

34. Sections 10.7 and 10.8 of the Plan describe certain releases granted by the Debtors (the "Debtor Releases") and certain third parties (the "Third-Party Releases, and together, the "Releases"). The Releases are an integral element of the Plan and were specifically negotiated by the parties. The Debtors have satisfied the business judgment standard with respect to the propriety of the Debtor Releases. The Third Party Releases are supported by the consideration provided to the holders of Claims under the Plan and the affirmative consent of the holders of Claims who voted to accept the Plan. The ballots sent to all holders of Claims entitled to vote on the Plan unambiguously stated the terms of the Third Party Releases. The Court finds that the Releases are (i) in exchange for the good and valuable consideration provided by the Released Parties; (ii) a good-faith settlement and compromise of the Claims released by the Plan; (iii) in the best interests of the Debtors and all holders of Claims and Equity Interests; (iv) fair, equitable and reasonable; (v) given, and made, after due notice and opportunity for hearing; and (vi) a bar to any of the Debtors or Releasing Parties asserting any Claim released by Section 10.7 of the Plan.

35. The exculpation, described in Section 10.8 of the Plan (the "Exculpation"), is appropriate under applicable law because it was proposed in good faith, was formulated following good faith negotiation and is limited in scope. Each Exculpated Part has participated in the Chapter 11 Cases in good faith and is appropriately released and exculpated from any exculpated Claim or any obligation, cause of action, or liability for any such Claim.

36. The injunction provision set forth in Section 10.9 of the Plan is necessary to implement, preserve, and enforce the Debtors' discharge, the Releases and the Exculpation, and

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 12 of 21

is narrowly tailored to achieve this purpose.

**M.      The Plan Complies with Section 1129(a)(2) of the Bankruptcy Code**

37.      Pursuant to section 1129(a)(2) of the Bankruptcy Code, the Plan Proponents have complied with the applicable provisions of title 11, including, specifically, sections 1125 and 1126 of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order governing notice, disclosure and solicitation in connection with the Plan and the Disclosure Statement.

38.      On October 4, 2013, after due notice and a hearing, the Bankruptcy Court entered the Disclosure Statement Order, which, *inter alia,* approved the Disclosure Statement, finding that it contained "adequate information" within the meaning of section 1125 of the Bankruptcy Code and established procedures for the Debtors' solicitation of votes on the Plan.

39.      Based on the record in these Chapter 11 Cases, the Debtors and each of their respective current or former officers, directors, members, employees, agents, representatives, advisors, and attorneys have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Disclosure Statement Order in connection with their respective activities relating to the solicitation of acceptances of the Plan.

40.      In accordance with section 1125 of the Bankruptcy Code and pursuant to the Disclosure Statement Order, the Debtors solicited acceptances or rejections of the Plan from holders of Claims in each class of impaired Claims that are to receive distributions under the Plan.  Classes 1, 2, 3 and 6 of the Plan are unimpaired.  As a result, pursuant to section 1126(f) of the Bankruptcy Code, holders of Claims and Equity Interests in those classes are conclusively presumed to have accepted the Plan.  The Debtors have complied with the applicable provisions

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 13 of 21

of section 1126 of the Bankruptcy Code.

**N.    The Plan Complies with Section 1129(a)(3) of the Bankruptcy Code**

41.    Having examined the totality of the circumstances surrounding the Plan, the Bankruptcy Court has determined that the Plan was proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  The Plan achieves the rehabilitative and reorganizational goals of the Bankruptcy Code by restructuring the Debtors' obligations and providing the means through which the Debtors may continue to operate as a viable enterprise.  Attendant to this continued operation of the enterprise is the ability of the Debtors to preserve jobs and continue business operations.  The Plan is the result of arm's length negotiations among the Plan Proponents and key stakeholders and is overwhelmingly supported by the Debtors' creditors.  It is clear that the Plan promotes the objectives and purposes of the Bankruptcy Code.

**O.    The Plan Complies With Section 1129(a)(4) of the Bankruptcy Code**

42.    Section 1129(a)(4) of the Bankruptcy Code requires that certain professional fees and expenses paid by the plan proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, be subject to approval of the court as reasonable.  Section 1129(a)(4) of the Bankruptcy Code has been construed to require that all payments of professional fees made from estate assets be subject to review and approval by the Bankruptcy Court as to their reasonableness.  *See Mabey v. Sw. Elec Power Coop (In re Cajun Elec. Power Coop., Inc.),* 150 F.3d 503, 515 (5th Cir. 1998), *cert, denied,* 526 U.S. 1144 (1999); *see, e.g., In re Anderson Grain Corp.,* 222 B.R. 528 (Bankr. N.D. Tex. 1998).

43.    The Bankruptcy Court previously approved interim compensation procedures under section 331 of the Bankruptcy Code, pursuant to which the Bankruptcy Court authorized

and approved the payment of certain fees and expenses of professionals retained in the Chapter 11 Cases. All such fees and expenses, as well as all other accrued fees and expenses of Professionals through the Effective Date, remain subject to final review for reasonableness by the Bankruptcy Court under section 330 of the Bankruptcy Code. The foregoing procedures for the Bankruptcy Court's review and ultimate determination of fees and expenses paid satisfy the objectives of section 1129(a)(4) of the Bankruptcy Code.

**P.     The Plan Complies With Section 1129(a)(5) of the Bankruptcy Code**

44.    Section 1129(a)(5) of the Bankruptcy Code requires that the plan proponent disclose the identity and affiliations of the proposed officers, directors or voting trustee of the debtors after confirmation of the plan; that the appointment or continuance of such officers, directors or voting trustee be consistent with the interests of creditors and equity interest holders and with public policy; and that there be disclosure of the identity and compensation of any insiders to be retained or employed by the reorganized debtors. The identity of the members of the boards of directors of each Reorganized Debtor was disclosed in the Plan Supplement. Section 5.5(a) of the Plan provides that, after the Effective Date, the board of directors of each Reorganized Debtor may be replaced or removed in accordance with the applicable governing documents. The identity and compensation of the officers of each Reorganized Debtor have been disclosed in the Plan Supplement. The identification of the proposed officers and directors of the Reorganized Debtors satisfies section 1129(a)(5) of the Bankruptcy Code.

**Q.     Section 1129(a)(6) of the Bankruptcy Code is Not Applicable to the Plan**

45.    Section 1129(a)(6) of the Bankruptcy Code requires that any regulatory commission having jurisdiction over the rates charged by the Reorganized Debtors in the operation of their businesses approve any rate change provided for in the plan. 11 U.S.C. §

1129(a)(6). The Plan does not provide for the change of any rate that is within the jurisdiction of any governmental regulatory commission after the occurrence of the Effective Date. Therefore, the provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable.

**R.     The Plan Complies with Section 1129(a)(7) of the Bankruptcy Code**

46.     Based on the Record, including the Debtors' liquidation analysis, each holder of an impaired Claim has either accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would have received or retained if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.     Based upon the foregoing, the Plan satisfies the requirements of section 1129(a)(7) of the Bankruptcy Code.

**S.     The Plan Complies with Sections 1129(a)(8) of the Bankruptcy Code**

47.     Section 1129(a)(8) is satisfied with respect to the Claims and Equity Interests in Classes 1, 2, 3 and 6 as such Claims and Equity Interests are not impaired under the Plan.

48.     Section 1129(a)(8) is satisfied with respect to the Claims in Classes 4 and 5 as such Classes have accepted the Plan

**T.     The Plan Complies with Section 1129(a)(9) of the Bankruptcy Code**

49.     Section 1129(a)(9) of the Bankruptcy Code requires that persons holding claims entitled to priority under section 507(a) of the Bankruptcy Code receive specified cash payments under the plan. *See* 11 U.S.C. § 1129(a)(9).

50.     Consistent with section 1129(a)(9)(A), Section 2.1 of the Plan provides that each holder of an Allowed Administrative Expense Claim shall receive (A) Cash equal to the unpaid portion of such Allowed Administrative Expense Claim or (B) such different treatment as to which the applicable Debtor and such holder shall have agreed upon in writing; provided,

however, that Allowed Administrative Expense Claims with respect to liabilities incurred by a Debtor in the ordinary course of business during the Chapter 11 Case shall be paid in the ordinary course of business in accordance with the terms and conditions of any agreements relating thereto.

51.    Consistent with section 1129(a)(9)(A), section 2.2 of the Plan provides that all Allowed Fee Claims shall be paid by the Debtors.

52.    Consistent with section 1129(a)(9)(B), section 4.1 of the Plan provides that Allowed Priority Claims shall be paid by the Debtors.

53.    Consistent with section 1129(a)(9)(C) of the Bankruptcy Code, section 2.4 of the Plan provides that, except to the extent that a holder of an Allowed Priority Tax Claim agrees to less favorable treatment, each holder of an Allowed Priority Tax Claim shall receive, in the Plan Proponents' discretion, either (a) on, or as soon thereafter as is reasonably practicable, the later of the Effective Date and the first Business Day after the date that is 30 calendar days after the date a Priority Tax Claim becomes an Allowed Claim, Cash in an amount equal to such Claim, or (b) deferred Cash payments, over a period ending not later than five years after the Commencement Date, in an aggregate amount equal to the Allowed amount of such Priority Tax Claim (with any interest to which the holder of such Priority Tax Claim may be entitled to be calculated in accordance with section 511 of the Bankruptcy Code); provided, however, that all Allowed Priority Tax Claims that are not due and payable on or before the Effective Date shall be paid in the ordinary course of business as they become due.

**U.    The Plan Complies with Section 1129(a)(10) of the Bankruptcy Code**

54.    For each of the Debtors, at least one class of impaired Claims has accepted the Plan.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 17 of 21

### V.     The Plan Complies with Section 1129(a)(11) of the Bankruptcy Code

55.     Section 1129(a)(11) of the Bankruptcy Code requires that confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan.  *See* 11 U.S.C. § 1129(a)(11).

56.     The feasibility test set forth in section 1129(a)(l 1) requires the Bankruptcy Court to determine whether the Plan is workable and has a reasonable likelihood of success.  *Fin. Sec. Assurance Inc* v. *T-H New Orleans Ltd., P'ship (In re T-H New Orleans Ltd P'ship),* 116 F.3d 790, 801 (5th Cir. 1997); *In re Cajun Elec. Power Coop., Inc.,* 230 B.R. 715,744-45 (Bankr. M.D. La. 1999); *In re M& S Assocs.,* 138 B.R. 845, 848-49 (Bankr. N.D. Tex. 1992); *In re Lakeside Global II, Ltd.,* 116 B.R. 499, 506 (Bankr. S.D. Tex. 1989); *see also In re Leslie Fay Cos., Inc.,* 207 B.R. 764, 788-89 (Bankr. S.D.N.Y. 1997).  The Fifth Circuit has provided that "the [bankruptcy] court need not require a guarantee of success..., [o]nly a reasonable assurance of commercial viability is required.' AH the bankruptcy court must find is that the plan offer 'a reasonable probability of success.'" *T-H New Orleans,* 116 F.3d at 801 (quoting *Briscoe Enters.,* 994 F.2d at 1165-66; *In re Landing Assocs., Ltd,* 157 B.R. 791, 820 (Bankr. W.D. Tex. 1993)) (add'l citations omitted).

57.     The Parent Contribution provided by one or more of the Non-Debtor Plan Proponents assures that the Reorganized Debtors will have, on the Effective Date, sufficient Cash to make all payments required to be made on such date pursuant to the terms of the Plan. Furthermore, the execution of the Commitment Letter assures that the Reorganized Debtors will have the ability to meet their projections.  In addition, the Projections attached as <u>Exhibit C</u> to the Disclosure Statement also demonstrate that the Plan is feasible.

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 18 of 21

58. Based on the foregoing, the Plan satisfies the feasibility standard of section 1129(a)(1 1).

**W.     The Plan Complies with Section 1129(a)(12) of the Bankruptcy Code**

59. Section 12.11 of the Plan provides that the Debtors or Reorganized Debtors, as the case may be, shall be responsible for timely payment of the United States Trustee quarterly fees incurred pursuant to 28 U.S.C. §1930(a)(6). Any fees due as of the date of confirmation of the Plan will be paid in full on the Effective Date. After confirmation, the Reorganized Debtors shall pay the United States Trustee quarterly fees as they accrue until these Chapter 11 Cases are closed by the Court. The Plan accordingly satisfies section 1129(a)(12) of the Bankruptcy Code.

**X.     The Plan Complies with Section 1129(a)(13) of the Bankruptcy Code**

60. Section 1129(a)(13) of the Bankruptcy Code requires that the plan provides for the continuation, after its effective date, of all retiree benefits, if any, at the level established pursuant to section 1114(e)(1)(B) or (g) the Bankruptcy Code, at any time prior to confirmation of the plan, for the duration of the period the debtor has obligated itself to provide such benefits. *See* 11 U.S.C. § 1129(a)(13).

**Y.     Section 1129(a)(14) of the Bankruptcy Code is Not Applicable to the Plan**

61. Section 1129(a)(14) of the Bankruptcy Code requires if an individual debtor is required by a judicial or administrative order, or by statute, to pay a domestic support obligation that the debtor have paid all amounts payable under such order or such statute for such obligation that first become payable after the date of the filing of the petition. *See* 11 U.S.C. § 1129(a)(14). The Debtors are not individuals. Accordingly, section 1129(a)(14) of the Bankruptcy Code is not applicable to the Plan.

**Z.     Section 1129(a)(15) of the Bankruptcy Code is Not Applicable to the Plan**

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL*., DEBTORS (AS MODIFIED)

Page 19 of 21

62. Section 1129(a)(15) of the Bankruptcy Code requires that if the debtor is an individual, and the holder of an allowed unsecured claim has objected to confirmation of the plan, the property to be distributed to the holder must be not less than the value required by section 1129(a)(15). *See* 11 U.S.C. § 1129(a)(15). The Debtors are not individuals. Accordingly, section 1129(a)(15) of the Bankruptcy Code is not applicable to the Plan.

## AA. The Plan Complies with Section 1129(a)(16) of the Bankruptcy Code

63. Section 1129(a)(16) of the Bankruptcy Code requires that all transfers of property of the plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation of trust. *See* 11 U.S.C. § 1129(a)(16). All transfers of property under the Plan will be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation of trust. Accordingly, the Plan satisfies the requirements of section 1129(a)(16) of the Bankruptcy Code.

## BB. The Plan Complies with Section 1129(c) of the Bankruptcy Code

64. The Plan satisfies the requirements of section 1129(c) of the Bankruptcy Code. The Plan is the only chapter 11 plan filed in each of the Chapter 11 Cases.

## CC. The Plan Complies with Section 1129(d) of the Bankruptcy Code

65. The Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act.

## DD. Likelihood of Satisfaction of Conditions Precedent to the Effective Date

66. Each of the conditions precedent to the Effective Date, as set forth in Section 9.2

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL.*, DEBTORS (AS MODIFIED)

Page 20 of 21

of the Plan, has been or is reasonably likely to be satisfied in accordance with Section 9.2 of the Plan.

## SUMMARY

67.     The Plan meets all of the applicable requirements for confirmation and should be confirmed.  An appropriate order will be entered.

68.     To the extent that there is a conflict between the terms and conditions of the Confirmation Order and the Findings of Fact and Conclusions of Law herein, the terms and conditions of the Confirmation Order shall govern.

### ### END OF ORDER ###

Submitted by:

Louis R. Strubeck, Jr.  (SBT 19425600)
William R. Greendyke (SBT 08390450)
Ryan E. Manns (SBT 24041391)
FULBRIGHT & JAWORSKI LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

COUNSEL FOR THE DEBTORS
AND DEBTORS-IN-POSSESSION

FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF FIRST AMENDED  JOINT PLAN OF REORGANIZATION
OF VITRO ASSET CORP., *ET AL*., DEBTORS (AS MODIFIED)

Page 21 of 21